FRANCIS E. PARKER & others, administrators, *vs.* TOWNSEND NATIONAL BANK.
SAME *vs.* EDWARD ORDWAY.

Middlesex.   Jan. 19. — 20, 1877.   MORTON & ENDICOTT, JJ., absent.

A petition to the Probate Court, by the administrator of the estate of a deceased person, set forth that the estate had been declared insolvent, and the respondent had proved a claim against the estate on a promissory note of which the deceased was indorser; that the respondent had also proved the note against the estate of the maker, who was a bankrupt; that afterwards, through inadvertence, accident or mistake, a decree of distribution was passed by the Probate Court in the matter of the insolvent estate, and a dividend ordered to be paid, which in the case of the respondent gave him, with what he had received from the estate of the maker, more than the amount of his claim as proved. The Probate Court dismissed the petition. On appeal to this court, it was found as a fact that the petitioner had notice of the dividend declared on the estate of the maker at the time it was declared, but, by inadvertence, accident or mistake, failed to notice the excess of dividends paid over until after the time of appealing from the order of distribution had passed. *Held,* that it did not appear that the "inadvertence, accident or mistake" was under such circumstances that the order of distribution ought to be amended.

APPEALS by the administrators of the estate of Cyrus Wakefield, deceased, from decrees of the Probate Court dismissing petitions filed by the administrators.

The petition in the first case alleged that the estate of Wakefield was represented insolvent, and commissioners were appointed to take proof of claims; that the respondent held two promissory notes made by J. H. A. Tappan, and indorsed by Wakefield, which notes were proved against the estate of Tappan in bankruptcy, and also against the estate of Wakefield, to the amount of $9946.37; that a dividend was paid thereon to the respondent on January 21, 1875, from the estate of Tappan,

to the amount of $1444 ; " that notwithstanding said dividend, through accident, inadvertence and mistake, a decree of distribution of the funds in the petitioners' hands was made on July 13, 1876, in which they were directed to pay to said Townsend National Bank, among other creditors, a dividend of 90 per cent. upon its claim, amounting to the sum of $8951.73, which, with the amount of $1444 already received from the estate of said Tappan, made an excess of $449.36 over the amount of the claim proved by said Townsend National Bank against the estate of said Wakefield ; " " that, through similar inadvertence, accident and mistake, a further decree of distribution of the funds in the petitioners' hands was made on September 21, 1875, in which they were directed to pay to said Townsend National Bank, among other creditors, a dividend of six per cent. upon its claim, amounting to the sum of $596.78, the whole of which was in excess of the amount of the said claim as proved as aforesaid."

The prayer of the petition was that the first decree might be amended, so that the amount thereby decreed to be paid to the Townsend National Bank should be $8502.37, instead of $8951.73 ; and that the second decree might be amended by striking out the amount of the dividend directed to be paid to the Townsend National Bank, so that, when the said decrees should be amended, the entire sum payable to the Townsend National Bank by the petitioners, together with the sum received by it from the estate of Tappan, should not exceed the amount of its claim as proved.

A hearing was had in the Probate Court, and a decree made dismissing the petition.   The petitioners thereupon appealed to this court, assigning the following reason of appeal : " That the petitioners are entitled to the relief prayed for in their petition."

The proceedings in the second case were precisely similar, except in the amount involved.

The cases were heard, on appeal, before *Endicott*, J., who made a report thereof for the consideration of the full court, which, after referring to the proceedings in the Probate Court, and stating the facts, in regard to the claims and the dividends paid, to be as alleged in the petition, proceeded as follows :

" The administrators had notice of the dividend declared on Tappan's estate at the time it was declared, but, by inadvertence, accident or mistake, failed to notice the excess of the dividends, paid as aforesaid, over the amounts proved, and the fact of such excess and over-payments did not occur to them until after the time for appealing from the orders of distribution had passed.

" The appellees contended that they were entitled to receive from the estate of Wakefield such sums as, added to the dividend received from Tappan's estate, should equal their several claims, with interest to the date of payment; and offered at the hearing to refund to the appellants the amounts, if any, received by them in excess of said claims and interest, but did not admit such excess.

" Upon these facts, the judge reserved the case for the determination of the full court upon the two questions raised : 1. Whether the reasons of appeal were sufficiently assigned. 2. Whether the Probate Court had the power to amend its decree, as prayed for in the petition, and whether the same ought to be so amended.

" In case either question should be determined against the appellants, the appeals were to be dismissed ; otherwise, decrees to be entered as prayed for in the petitions."

*W. G. Russell & G. Putnam, Jr.*, for the appellants.

*F. A. Worcester*, for the appellees.

BY THE COURT. Assuming, without deciding, that the reasons of appeal were sufficiently assigned, and that the Probate Court had power to amend its decrees as prayed for, there is nothing in the report, upon which the case has been reserved for our determination, to show that the failure of the petitioners, " by inadvertence, accident or mistake," to notice, until after the time for appealing from those decrees had passed, the alleged excess of the dividends paid by themselves out of the estate of the indorser, with notice of the dividends previously declared on the estate of the maker, was under such circumstances that the decrees ought to be so amended, and therefore, according to the erms of the report, the                    *Appeals are dismissed.*